William D. Hyslop
United States Attorney
Eastern District of Washington
Alison L. Gregoire
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:18-CR-00031-WFN-2 |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| KATRINA MICHELLE MARADEE ADAMS, | |
| Defendant. | |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire and James A. Goeke, Assistant United States Attorneys for the Eastern District of Washington, submits the following Sentencing Memorandum:

### I.     STATEMENT OF FACTS

A series of CyberTips brought the co-Defendant MIKHAIL YURIY AGEYEV ("AGEYEV") to law enforcement's attention. A search warrant was obtained for his residence and AGEYEV was arrested. When AGEYEV was interviewed, he indicated not only that he had received and distributed child

UNITED STATES' SENTENCING MEMORANDUM - 1

pornography, but that he had produced child pornography with KATRINA MICHELLE MARADEE ADAMS' ("Defendant" and/or "ADAMS") child.

A forensic examination was conducted of AGEYEV's electronic devices, and child pornography images and videos he produced were discovered. In the photos were AGEYEV, ADAMS, and ADAMS' two-year old daughter.

A.  <u>Interview of ADAMS</u>

ADAMS was located by law enforcement and consented to an interview with her attorney present. She stated she had met AGEYEV two and half months prior to AGEYEV's arrest on the dating site "Badoo" and had exchanged phone numbers with him. She ultimately stated her child was in sexually explicit photographs produced by the AGEYEV, but that she had never agreed to the production of child pornography.

ADAMS subsequently pled guilty to conspiracy to produce child pornography with AGEYEV. She explained in a subsequent statement AGEYEV started talking to ADAMS about bringing another woman into their relationship and, several conversations later, told her he was interested in having sex with children.

AGEYEV sent ADAMS child pornography, specifically, a video of a child using a dildo. ADAMS did not want to lose her relationship with AGEYEV, so she purported to also be interested in children sexually. She ultimately agreed to let her own daughter be used sexually by AGEYEV and herself, and agreed to have the same photographed. ADAMS admitted producing child pornography of her daughter with AGEYEV.

UNITED STATES' SENTENCING MEMORANDUM - 2

B.     Forensic Examinations

   1.     *AGEYEV's Galaxy Phone*

Relevant to ADAMS, on AGEYEV's Samsung Galaxy S8+ (made in Vietnam) phone, 11 child pornography images and 2 child pornography videos were located that ADAMS and AGEYEV had produced.

Five produced images (20171109 - 091205.jpg, 20171109 - 091230.jpg, 20171109091235.jpg, 20171109091238.jpg, and 20171109091242.jpg) depict the exposed vagina of the two year old minor being touched by the hands of an adult. They were created on November 9, 2017, using the camera of the Galaxy S8+ (AGEYEV's phone).

One (1) child pornography image (20171109091326.jpg) depicts the exposed vagina of the two year old being touched by AGEYEV's hand. It was created on November 9, 2017, using the camera of the Galaxy S8+ (AGEYEV's phone).

One (1) child pornography image (6646.jpeg) is a close-up depiction of the two year old's exposed vagina being spread open by the hand of ADAMS. This image was discovered on the Galaxy S8+ (AGEYEV's phone), but it was also discovered on the personal cellular telephone of ADAMS, which was also examined using Cellebrite, (as IMG_3746.HEIC). It was created on October 22, 2017. The image was created using the camera of ADAMS' cellular telephone.

Three (3) child pornography images (8218.jpeg, 8220.jpeg, 8221.jpeg) depict ADAMS performing oral sex on AGEYEV's erect penis. The two-year old child is visible in each image sitting next to ADAMS. These images were discovered on the Galaxy S8+ (AGEYEV's phone).

One (1) child pornography image (8217.jpeg) depicts the two year old child masturbating AGEYEV's erect penis. This image was discovered on the

UNITED STATES' SENTENCING MEMORANDUM - 3

Galaxy S8+ (AGEYEV's phone). The image was also located in ADAMS' iCloud account, the content of which was obtained via a separate search warrant (as detailed herein) as IMG_3823.HEIC. It was created using the camera feature of ADAMS's iPhone, on October 28, 2017, and sent from the iPhone to the phone number of Samsung Galaxy Seized from AGEYEV's Person (509-771-3076) on November 2, 2017 at 1000 hrs PDT.

One (1) child pornography video file (20171030_104110.mp4) depicts the two year old child kneeling on a bed next to Mikhail AGEYEV masturbating his erect penis. The image was created on October 30, 2017, using the camera of the Galaxy S8+ (AGEYEV's phone).

One (1) child pornography video file (20171109091329.mp4) depicts a close-up of the exposed vagina of the two year old child being rubbed by AGEYEV's hand. AGEYEV inserts a finger into the vagina of the child and asks her if it feels good. The two year old child responds "no, my poo poo". This video was created using the camera of the Galaxy S8+ (AGEYEV's phone).

AGEYEV's phone also contained messages sent between ADAMS and AGEYEV. The messages include discussions of plans to continue to molest and rape ADAMS' daughter and to bring other women with children into their sexual relationship.

2.     *ADAMS' iCloud*

SA Rodney Weekes obtained a search warrant for ADAMS's iCloud account, or the remote image of her cell phone. That account also obtained images AGEYEV and ADAMS produced.

On October 22, 2017, at 0259 hours (PDT), ADAMS utilized the camera feature of her personal cellular telephone to create a digital image entitled "IMG_3746.HEIC". The digital image is described as a close-up photograph of

UNITED STATES' SENTENCING MEMORANDUM - 4

an ADAMS' left hand spreading open the vagina of the two year old child. AGEYEV was not present when that image was produced, but he did receive the image as, on October 22, 2017, at 1003 hours (PDT), ADAMS sent the image to AGEYEV's personal cellular telephone (509-771-3076).

"IMG_3823.HEIC" portrays AGEYEV lying naked on his back on a bed with his right hand holding his erect penis. Kneeling on the bed next to AGEYEV is ADAMS' daughter, wearing a pink shirt and sucking on a pacifier. AGEYEV is using his left hand to hold ADAMS' daughter's hands to his erect penis. The photograph was taken by ADAMS. The image was created utilizing the camera feature on ADAMS's cellular phone on October 28, 2017.

"IMG_3824.HEIC" "IMG_3825.HEIC" and "IMG_3826.HEIC" portray AGEYEV lying naked on his back on a bed with ADAMS lying naked on her stomach next to him holding his erect penis with her left hand. Sitting on the bed next to ADAMS is ADAMS' daughter, wearing a pink shirt, black pants, and sucking on a pacifier. It is apparent from the angle of the shots and the location of the individuals portrayed in the photos, AGEYEV took the photograph. The images were created utilizing the camera feature on ADAMS's cellular phone on October 28, 2017.

"IMG_3844.HEIC" portrays AGEYEV lying naked on his back on a bed with ADAMS lying naked on her stomach next to him performing oral sex on his erect penis. Sitting on the bed next to ADAMS is ADAMS' daughter, wearing a pink shirt, black pants, and sucking on a pacifier. AGEYEV took the photograph. The image was created utilizing the camera feature on ADAMS's cellular phone on October 28, 2017.

On November 2, 2017, at 1000 hours (PDT), ADAMS sent the digital images entitled "IMG_3823.HEIC" "IMG_3824.HEIC", "IMG_3825.HEIC",

UNITED STATES' SENTENCING MEMORANDUM - 5

"IMG_3826.HEIC", and "IMG_3844.HEIC", described above to AGEYEV's personal cellular telephone (509-771-3076).

ADAMS' iCloud also contained messages sent between ADAMS and AGEYEV. The messaging includes ADAMS relaying sexual acts she had dreams about performing on his son, discussion of sex acts to be performed on ADAMS's daughter, and bringing other children into the sexual relationship. The two also discuss their plain to move in together with their children.

## II.   SENTENCING CALCULATIONS

The United States agrees with United States Probation that Defendant's Total Offense Level is 43, her Criminal History Category is I, and the resulting guideline range is 600 months, which is the statutory maximum.

## III.   SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

A.   <u>The Nature and Circumstances of the Offense and the History and Characteristics of Defendant</u>

As is detailed extensively in the PSR, the nature and circumstances of the offense, as pertains to Defendant ADAMS, involve her willingness to provide her two-year old daughter to a pedophile and, indeed, agreement to abuse the child herself, in order to hold on to her relationship with the pedophile, AGEYEV. As is detailed in the electronic messages between the ADAMS and AGEYEV, the two were making plans to move in together to enable this child abuse and exploitation to continue indefinitely.

The lack of opportunity for outcry for the child victim is a very relevant circumstance of the offense. The child victim was of such tender years, she did not know what was happening to her and had limited verbal skills in any case, but most importantly, she had nobody to outcry to. One of the people perpetrating the abuse was her mother and her caretaker. Her own mother, ADAMS, was making the toddler available for abuse. Far from protecting two-year old, her own mother

UNITED STATES' SENTENCING MEMORANDUM - 6

provided and made her available to the person who would abuse her and then ADAMS went on to abuse the girl as well.

### B. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and to Provide Just Punishment

The United States asks that the Court to sentence Defendant to imprisonment for twenty-two years. The government also asks that the Court to order a lifetime of supervised release. Such a significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

As a result of the Defendant's choices, and as a result of her actions, her child will grow up without her biological mother. Her child's life will be changed forever, as she grows up with a different name, in the custody of her grandparents.

### C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

Numerous factors suggest a lengthy sentence is appropriate for ADAMS. First, ADAMS did not seek to stop the abuse perpetrated against her child; the abuse ceased only when AGEYEV was arrested for child pornography offenses. Prior to AGEYEV's arrest, ADAMS was making plans to move herself and her child in with AGEYEV, a situation that would have enabled the abuse and exploitation of the child to go on indefinitely.

Second, ADAMS was conscious of the criminal nature of her conduct. After AGEYEV was arrested, he told his sister (who had gone to visit him in the jail) to ask ADAMS to delete all of the videos on her phone. The sister agreed, not understanding that the videos were directly related to the charged misconduct, and told ADAMS. ADAMS responded not to worry; she had already deleted everything. Additionally, when ADAMS was asked about the abuse against her child, she indicated she too had been abused by the AGEYEV and that she had never consented to the production of child pornography and/or sexual abuse of her

UNITED STATES' SENTENCING MEMORANDUM - 7

child.  ADAMS' hands could be seen in the child pornography photos, however. When law enforcement indicated they wanted photographs of her hands for comparison, ADAMS then scratched away the identifying marks on her hands. When asked about the condition of her hands, she indicated she had a bad reaction to soap.

To ADAMS's credit, however, she did plead guilty early on in the case and deserves full credit for that acceptance of responsibility.  What the United States seeks to emphasize is that she did not choose to identify her child's abuser and end the abuse on her own.  Instead, the child's abuser was arrested and ADAMS took some time in coming to terms with her own abuse of the child.

Ultimately, ADAMS had only known AGEYEV for about three months. The United States asks the Court to consider how much damage was done in those three months and to consider the future that was planned for the child when sentencing ADAMS.

D.  The Need for the Sentence Imposed to Protect the Public from Further Crimes of Defendant

ADAMS maintains to the present time that she was not sexually interested in children, but that AGEYEV was, and she maintained that she had such an interest to appease AGEYEV.  The United States believes the evidence supports ADAMS' claim.  The government did not identify series child pornography on ADAMS' phone, nor did it identify conversations with other pedophiles on ADAMS' phone and/or social medial accounts.  This, however, should not make her less of a concern for the Court, in terms of public safety.

While ADAMS is likely being honest in asserting but for AGEYEV's interest in sexually abusing children, she would not have offered her own child up for sexual abuse or abused her child herself.  These assertions, however, even if taken at complete face value, do not make ADAMS less of a danger.  This is

UNITED STATES' SENTENCING MEMORANDUM - 8

because—at the risk of stating the obvious—a person who would sexually abuse her own helpless child to appease a romantic partner presents a danger to society. It strains one to think of a worse crime for a mother to commit upon her child. While it is likely true that if AGEYEV had not been a pedophile, ADAMS might well have never sexually abused her child, the Court should take no solace in that possibility. This case demonstrates that ADAMS is so amenable to the desires of her paramours that she would permit the sexual abuse of her child. The danger posed to the public by such a person is and will remain very real.

E.  <u>The Need for the Sentence Imposed to Provide Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner</u>

Defendant has not identified any needed educational or vocational training.

F.  <u>The Kinds of Sentences Available</u>

Defendant is subject to a sentence involving a term of imprisonment. The offense to which Defendant pled guilty carries a mandatory minimum sentence of fifteen years imprisonment.

G.  <u>The Kind of Sentence Contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplates a term of imprisonment.

H.  <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

I.  <u>The Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct</u>

The government's proposed sentence entails substantial downward variance from the guideline range.

**IV.    RESTITUTION, FINES, ASSESSMENTS, AND FORFEITURES**

The Court should impose mandatory restitution and enter a final order of forfeiture as to the property identified in the preliminary order of forfeiture.

Restitution is mandatory pursuant to 18 U.S.C. §§ 2259 and 3663A. The Court should order that Defendant pay restitution in the full amount sought by the two year old victim (joint and several with AGEYEV).

## V. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence to twenty-two years imprisonment as well as a lifetime term of supervised release. The government also recommends the Court order restitution to the victim.

Respectfully submitted this February 14, 2020.

>William D. Hyslop
>United States Attorney
>
>*s/ Alison L. Gregoire*
>Alison L. Gregoire
>Assistant United States Attorney
>
>*s/ James A. Goeke*
>James A. Goeke
>Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Andrea George

*s/James A. Goeke*
James A. Goeke
Assistant United States Attorney
United States Attorney's Office
920 W. Riverside Suite 300
Spokane, WA 99210
(509) 353-2767

UNITED STATES' SENTENCING MEMORANDUM - 11